UNITED STATES of America,
Appellee,

v.

Joshua Ashley TATRO, Appellant.

No. 103, Docket 71-1092.

United States Court of Appeals,
Second Circuit.

Argued Dec. 9, 1971.

Decided Dec. 9, 1971.

Certiorari Denied March 27, 1972.
See 92 S.Ct. 1301.

William J. Knight, Burlington, Vt., for defendant-appellant.

David A. Gibson, Asst. U. S. Atty. (George W. F. Cook, U. S. Atty., D. Vermont, on the brief), for appellee.

Before FEINBERG, MULLIGAN and TIMBERS, Circuit Judges.

PER CURIAM:

Appellant Joshua Tatro appeals from a judgment of conviction for bank robbery in violation of 18 U.S.C. § 2113(d). He was tried before Chief Judge Bernard J. Leddy and a jury in the United States District Court for the District of Vermont, together with his brother George Tatro and Calvin Trudo. Joshua Tatro and his brother were each sentenced to 15 years imprisonment; Trudo received an 18 year sentence. All three defendants appealed, but Joshua Tatro's appeal was severed. On September 21, 1971, this court affirmed the convictions of George Tatro and Trudo. United States v. Trudo and Tatro, 449 F.2d 649 (1971). Thereafter, this appeal by Joshua Tatro was heard. We affirm his conviction.

■ ■ The facts of this case, as well as a discussion of most of the legal issues presented for review, may be found in our earlier decision. To the extent that decision is applicable to this appeal, we adhere to it. We note, in particular, that although the bulk of the evidence against Joshua Tatro, like the others, was circumstantial, it was nonetheless clearly sufficient to sustain his conviction. In fact, the Government's case against this appellant was particularly strong since it included appellant's admission to Archambault, a key government witness, that appellant had robbed the bank. Appellant makes an additional argument based on Archambault's testimony regarding an admission by co-defendant Trudo and the court's limiting of the cross-examination of Archambault to his redacted testimony only. See 449 F.2d at 653. Appellant claims that he was thus cut off from asking Archambault whether Trudo implicated appellant when Trudo indicated who would help in the robbery. The desired answer would be "No." It is not clear, however, whether the court's restriction on mentioning *co-defendants* would have extended to a question focussed solely on the involvement of the defendant actually doing the cross-examining. In any

event, appellant failed to ask Chief Judge Leddy whether such a question would be permitted.

The remaining arguments of appellant are without merit.

Judgment affirmed.